In the

# United States Court of Appeals

## For the Seventh Circuit

No. 25-2385

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BABAJIDE G. ADEFUSI,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 23-cr-30015-001 — **Sue E. Myerscough**, *Judge.*

ARGUED MAY 22, 2026 — DECIDED JULY 2, 2026

Before EASTERBROOK, RIPPLE, and PRYOR, *Circuit Judges.*

PRYOR, *Circuit Judge.* In 2018, Babajide Adefusi entered a plea agreement with the United States Attorney's Office for the Southern District of Texas (USAO-SDTX) to plead guilty to aiding and abetting passport fraud. *See* 18 U.S.C. §§ 1543, 2. That plea agreement promised Adefusi would not face future prosecutions related to the passport fraud scheme. Five years later, the United States Attorney's Office for the Central District of Illinois prosecuted Adefusi for conspiracy to commit

wire fraud. *See* 18 U.S.C. §§ 1343, 1349. The Central District of Illinois case bore at least some factual overlap with Adefusi's prior Southern District of Texas conviction.

Adefusi moved to dismiss the indictment against him, arguing the U.S. Attorney's Office for the Central District of Illinois was bound by the USAO-SDTX's prior plea agreement, and thus the U.S. Attorney's Office for the Central District of Illinois breached that agreement by later investigating him for wire fraud given the factual overlap between the two prosecutions. The district court disagreed, finding the USAO-SDTX plea agreement unambiguously bound only the United States Attorney's Office for the Southern District of Texas. Eventually, Adefusi entered a conditional plea of guilty reserving the right to appeal the court's decision on his motion to dismiss. Because the district court did not err in interpreting the USAO-SDTX plea agreement, we affirm.

## I.   BACKGROUND

### A.  Southern District of Texas Proceedings

According to the factual basis for the USAO-SDTX plea agreement, to which Adefusi agreed, Adefusi schemed with others from January 2017 to June 2018 to commit passport fraud. Under the scheme, individuals outside the United States sent Adefusi fraudulent and counterfeit passports bearing his photograph but containing different names and identification information. Adefusi used those passports to open bank accounts at various banks in the Houston, Texas area. Once he opened those accounts, persons connected with the scheme would wire funds to the accounts. Those funds "were obtained from victims by other defendants working through a variety of internet scams." Adefusi would then "use the

counterfeit passports to retrieve the fraudulently obtained funds." Specifically, in one of the transactions, Adefusi opened a bank account in the name of "Patrick Wiltord" using a counterfeit Republic of France passport to do so. Just over a month later, the account received a wire transfer of $25,000 from the account of an internet-scam victim. All told, this passport fraud scheme resulted in a total loss of about $2.2 million.

In August 2018, the U.S. Attorney's Office for the Southern District of Texas filed a three-count Information charging Adefusi with aiding and abetting passport fraud, in violation of 18 U.S.C. §§ 1543, 2. Count One alleged Adefusi used the counterfeit "Patrick Wiltord" passport. Counts Two and Three charged Adefusi with using other counterfeit passports bearing different names.

Later that month, pursuant to a plea agreement, Adefusi pled guilty to Count One of the Information. The plea agreement contained certain promises made by the "United States" in exchange for Adefusi's guilty plea. Under the bolded heading "The United States' Agreements," one such promise made in Paragraph 10 was:

> If Defendant pleads guilty to Counts One of the Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will agree not to pursue any additional charges arising out of the scheme alleged in the Information and will dismiss the remaining counts at sentencing.

Directly below this section, under the bolded heading "Agreement Binding – Southern District of Texas Only," the

government promised it would not further criminally prosecute Adefusi in the Southern District of Texas for offenses arising from the conduct charged in the Information. But the government limited that promise by stating the plea agreement bound only the U.S. Attorney's Office for the Southern District of Texas and did not bind any other U.S. Attorney. Paragraph 11 of the plea agreement stated in full:

> The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

In the final paragraphs of the plea agreement and the addendum, which Adefusi signed, he agreed he understood the terms of the USAO-SDTX's plea agreement and that he entered the agreement freely and voluntarily.

The United States District Court for the Southern District of Texas accepted the guilty plea and subsequently sentenced Adefusi to a term of 28 months' imprisonment, followed by three years of supervised release. Adefusi was released from prison in July 2020, and his supervised release was terminated early in December 2022.

### B. Central District of Illinois Proceedings

A few months later, in March 2023, a federal grand jury in the Central District of Illinois indicted Adefusi and others with conspiring to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. The grand jury returned a Superseding Indictment in May 2023.

The Superseding Indictment charged Adefusi with conspiring with others from March to October 2018 to defraud E-MedRx, a pharmacy services and billing company located in Springfield, Illinois. E-MedRx served as the intermediary between health insurance providers and independent pharmacies: typically, an insurer would route through E-MedRx a lump-sum payment for all distributions the insurer owed to all pharmacies, and E-MedRx would then be responsible for paying each individual pharmacy. Under the wire fraud scheme charged in the Superseding Indictment, defendants and their co-conspirators fraudulently induced E-MedRx to wire funds intended for pharmacies to bank accounts actually owned or controlled by the defendants and their co-conspirators. This scheme resulted in fraudulently induced wire transfers totaling $365,467.75.

Adefusi moved to dismiss the operative indictment against him under Federal Rule of Criminal Procedure 12(b). He argued the government, in the 2018 USAO-SDTX plea agreement, "agreed not to pursue charges such as the ones set out" in the Central District of Illinois case. The district court denied the motion, reasoning the USAO-SDTX plea agreement bound only the U.S. Attorney's Office for the Southern District of Texas. So, the district court explained, because the U.S. Attorney's Office for the Central District of Illinois was

not barred from pursuing further prosecution against Adefusi, dismissal was not warranted.

Eventually, Adefusi negotiated a plea agreement with the U.S. Attorney's Office for the Central District of Illinois. In the agreement, Adefusi agreed to conditionally plead guilty, reserving the right to appeal the district court's denial of his motion to dismiss the indictment. The district court accepted the guilty plea and sentenced Adefusi to 24 months' imprisonment. The district court reasoned the below-guidelines sentence was reasonable in part because the scheme at the center of the Central District of Illinois prosecution also involved the transfer of funds to the alias "Patrick Wiltord," which is the same name Adefusi used on the counterfeit passport in the U.S. Attorney's Office for the Southern District of Texas's prosecution for which he was previously convicted.

Adefusi now appeals the denial of his motion to dismiss the indictment.[1]

## II.   ANALYSIS

On appeal, Adefusi argues the district court erred in denying his motion to dismiss the indictment. Specifically, Adefusi maintains that his 2018 USAO-SDTX plea agreement barred the U.S. Attorney's Office for Central District of Illinois from further prosecuting him for conduct that originated out of the

---

[1] In the district court, Adefusi also filed a separate motion to dismiss the indictment under the Fifth Amendment's Double Jeopardy Clause. His conditional guilty plea also reserved the right to appeal the denial of that motion, too. But Adefusi does not bring such a challenge on appeal, so we do not discuss the issue further.

earlier scheme for which he had been convicted in the Southern District of Texas.

"We review questions of law in a district court's ruling on a motion to dismiss an indictment de novo." *United States v. Chanu*, 40 F.4th 528, 539 (7th Cir. 2022) (citation modified). Such questions of law include whether a party has breached a plea agreement, *United States v. Taylor*, 909 F.3d 889, 893 (7th Cir. 2018) (citation omitted), and whether a plea agreement is ambiguous, *United States v. Ingram*, 979 F.2d 1179, 1184 (7th Cir. 1992) (citation omitted). We review for clear error a district court's interpretation of disputed plea agreement terms. *United States v. Rourke*, 74 F.3d 802, 805 (7th Cir. 1996).

"The government must fulfill any promise that it expressly or impliedly makes in exchange for a defendant's guilty plea." *Ingram*, 979 F.2d at 1184 (citing *Santobello v. New York*, 404 U.S. 257, 261 (1971)). Written plea agreements are contracts, "and we interpret them according to general principles of contract law," *United States v. Colbert*, 54 F.4th 521, 527 (7th Cir. 2022) (citation modified), "though with an eye to the special public-interest concerns that arise in this context," *United States v. Munoz*, 718 F.3d 726, 729 (7th Cir. 2013) (citation modified).[2] Accordingly, we review a plea agreement's language objectively and hold the government to the agreement's "literal terms." *United States v. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009). And a plea agreement, "like any contract,

---

[2] This special concern flows from our recognition that plea agreements are "unique contracts and the ordinary contract principles are supplemented with a concern that the bargaining process not violate the defendant's right to fundamental fairness under the Due Process Clause." *Ingram*, 979 F.2d at 1184 (citation modified).

should be construed as a whole, so that various provisions of the contract are harmonized and none are rendered meaningless." *United States v. Schilling*, 142 F.3d 388, 395 (7th Cir. 1998) (citation modified).

We construe a plea agreement's ambiguities "against the government as the drafter." *United States v. Davis*, 761 F.3d 713, 715 (7th Cir. 2014) (citation modified). "A contractual provision is ambiguous if it is subject to more than one reasonable interpretation." *Ingram*, 979 F.2d at 1184. However, "when a plea agreement is unambiguous on its face, this court generally interprets the agreement according to its plain meaning." *Monroe*, 580 F.3d at 556 (citing *Santobello*, 404 U.S. at 262–63); *see also Ingram*, 979 F.2d at 1184 (noting that if the plea agreement is unambiguous "and there is no suggestion of government overreaching of any kind, the agreement should be interpreted and enforced accordingly" (citation modified)). Accordingly, "we look to extrinsic evidence of the parties' intentions … only when the written contract is ambiguous." *United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009); *see also Ingram*, 979 F.2d at 1184 ("It is a fundamental principle of contract interpretation that extrinsic evidence is inadmissible to prove the meaning of a contract that is unambiguous on its face.").

Here, Adefusi argues the USAO-SDTX plea agreement unambiguously includes two sets of promises, one binding only the U.S. Attorney's Office for the Southern District of Texas and a separate promise binding the entire United States. This argument rests primarily on textual differences between Paragraphs 10 and 11 of the USAO-SDTX's plea agreement. Recall that in Paragraph 10, which outlines the "United States' Agreements," the government promised "not to pursue any

additional charges arising out of the scheme alleged in the Information." Paragraph 11, in contrast, explained the agreement bound only the U.S. Attorney's Office for the Southern District of Texas. The paragraph provides that the "United States agrees that it will not further criminally prosecute [Adefusi] in the Southern District of Texas for offenses arising from conduct charged in the Information." Paragraph 11 also includes language limiting this promise, explaining that "this plea agreement binds only" the U.S. Attorney's Office for the Southern District of Texas, "[i]t does not bind any other United States Attorney," and the "United States will bring this plea agreement and the full extent of [Adefusi's] cooperation to the attention of other prosecuting offices, if requested."

Adefusi insists that because the two paragraphs used two distinct phrases—"scheme alleged" in Paragraph 10 and "conduct charged" in Paragraph 11—the plea agreement must contain two separate non-prosecution promises. This argument, if accepted, would mean Paragraph 10's non-prosecution agreement bars other U.S. Attorney's offices, including the U.S. Attorney's Office for the Central District of Illinois, from pursuing "additional charges arising out" of the scheme for which the U.S. Attorney's Office for the Southern District of Texas already prosecuted Adefusi. The government rejects this interpretation, arguing the USAO-SDTX's plea agreement unambiguously binds only the U.S. Attorney's Office for the Southern District of Texas. Relying on Paragraph 11's limiting language and the plea agreement's remaining paragraphs, the government maintains that Adefusi's earlier agreement with the U.S. Attorney's Office for the Southern District of Texas did not bar his later

prosecution by the U.S. Attorney's Office for the Central District of Illinois. We agree with the government.

Even though Adefusi's plea agreement with the U.S. Attorney's Office for the Southern District of Texas refers to "the United States" in Paragraph 10's non-prosecution promise, the next paragraph unambiguously binds only that U.S. Attorney's Office. Paragraph 11's plain text is unequivocal: the "plea agreement binds only" the U.S. Attorney's Office for the Southern District of Texas, and "[i]t does not bind any other United States Attorney." Nothing in Paragraph 11—or the rest of the plea agreement, for that matter—qualifies that limitation.

Other aspects of the plea agreement further support this interpretation. The plea agreement's "cooperation" section, found in Paragraphs 5 and 6, contains similar limiting language as Paragraph 11 and reinforces the inference that the U.S. Attorney's Office for the Southern District of Texas intended to limit the scope of promises it made (or might make in the future) to Adefusi. And the plea agreement's preamble—stating Adefusi entered the agreement with the "United States Attorney for the Southern District of Texas"—offers more evidence that a reference to the "United States" in this particular agreement equates to the U.S. Attorney's Office for the Southern District of Texas specifically. Reading the USAO-SDTX's plea agreement in its entirety, the only reasonable interpretation is that it binds only that office from further prosecution.

By the same token, Adefusi's proffered interpretation of the plea agreement is unreasonable. His strained reading hinges primarily on the textual differences between Paragraphs 10 and 11—*i.e.*, Paragraph 10's use of "United States"

and "scheme alleged" versus Paragraph 11's reference to the U.S. Attorney's Office for the Southern District of Texas and "conduct charged." But in the context of the passport fraud conduct alleged in the U.S. Attorney's Office for the Southern District of Texas's prosecution, there isn't much daylight—if any—between the scheme charged in the Information and the conduct alleged in that same charging document.

In any event, Adefusi's argument—that Paragraphs 10 and 11 create two separate sets of promises, one binding all U.S. Attorney's Offices and the other binding only the U.S. Attorney's Office for the Southern District of Texas—is irreconcilable with Paragraph 11's statement that the entire plea agreement binds only the U.S. Attorney's Office for the Southern District of Texas. If we accepted Adefusi's position, this provision in Paragraph 11 would be "rendered meaningless." *Schilling*, 142 F.3d at 395 (citation modified). Simply put, the differences between Paragraphs 10 and 11 do not create any ambiguity as to whom the plea agreement binds.

Indeed, the language in Adefusi's plea agreement is comparable to language we found to be unambiguous in *Ingram*. That case concerned a plea agreement with the following non-prosecution promise: "[T]he United States Attorney's Office for the District of Colorado … further agrees not to file any additional criminal charges in the District of Colorado which are known to this office arising from [the defendant's] criminal activities in the District of Colorado." *Ingram*, 979 F.2d at 1182. We held this language was "unambiguous on its face with respect to whether the government promised [the defendant] that it would not prosecute him anywhere for any of his criminal activity connected with" a Colorado drug trafficking organization. *Id.* at 1181, 1184–85. We reasoned the

agreement's text "stated as clearly as possible that the agreement only bound" the U.S. Attorney's Office for the District of Colorado. *Id.* at 1185.

That reasoning applies here, too. Paragraph 11 of the USAO-SDTX's plea agreement states clearly that the plea agreement binds only the U.S. Attorney's Office for the Southern District of Texas. The paragraph also clarifies that no other U.S. Attorneys are bound by the USAO-SDTX's agreement with Adefusi. We thus conclude the district court did not err in concluding the USAO-SDTX's plea agreement unambiguously binds only the U.S. Attorney's Office for the Southern District of Texas.[3]

Given that lack of ambiguity, we do not look to extrinsic evidence to aid our interpretation. *See, e.g., Ingram*, 979 F.2d at 1184. So, we do not consider any of the extrinsic evidence Adefusi offers. Nor do we consider extrinsic evidence bearing on whether the U.S. Attorney's Office for the Southern District of Texas had the authority to bind the U.S. Attorney's Office for the Central District of Illinois without prior approval. *See* U.S. Dep't of Just., Just. Manual § 9-27.641 (2018); *cf. Rourke*, 74 F.3d at 810 (explaining that even if U.S. Attorney's Office breached plea agreement, it lacked authority to bind the Federal Aviation Administration to that agreement, so court could not order the agency to reinstate defendant's pilot's license). We do not answer this question regarding one U.S. Attorney's Office's authority to bind another because the USAO-SDTX's agreement lacks ambiguity.

---

[3] For that reason, we also reject Adefusi's argument in the alternative that the USAO-SDTX plea agreement is ambiguous.

Finally, we acknowledge but do not opine on a long-held circuit split centered on how to interpret an ambiguous reference to "the United States" or "the government." *Compare United States v. Gebbie*, 294 F.3d 540, 550–51 (3d Cir. 2002) (concluding that "absent express contractual limitations or disavowals to the contrary," a U.S. Attorney's ambiguous reference to "the United States" or "the Government" in plea agreement "speaks for and binds all of his or her fellow United States Attorneys with respect to those same crimes and those same defendants"), *United States v. Harvey*, 791 F.2d 294, 303 (4th Cir. 1986) (similar), *and Margalli-Olvera v. I.N.S.*, 43 F.3d 345, 352 (8th Cir. 1994) (similar), *with United States v. Maxwell*, 118 F.4th 256, 263 (2d Cir. 2024) ("[A] plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction." (citation modified)). The "nuances" of this circuit split are "not relevant" to resolving the case before us, *Ingram*, 979 F.2d at 1185, because the plea agreement at issue here unambiguously binds only the drafting U.S. Attorney's Office for the Southern District of Texas.

In sum, the USAO-SDTX plea agreement unambiguously bound only the U.S. Attorney's Office for the Southern District of Texas, so only that United States Attorney's Office was barred from future prosecution of conduct arising out of the passport fraud scheme. From that, we conclude the U.S. Attorney's Office for the Central District of Illinois was not barred from pursuing its prosecution against Adefusi, and it did not breach the USAO-SDTX's plea agreement by bringing the 2023 wire fraud conspiracy charge against him. Therefore, the district court did not err by denying Adefusi's motion to dismiss the indictment on that basis.

### III.    CONCLUSION

For these reasons, we AFFIRM.